NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMPHREY OLOO,<br><br>             Plaintiff,<br><br>v.<br><br>BLOOMBERG LP,<br><br>             Defendant. | Civil Action No. 12-4943 (PGS)<br><br>**MEMORANDUM AND ORDER** |

SHERIDAN, U.S.D.J.

This matter comes before the Court on the motion to dismiss the Complaint filed by Defendant Bloomberg LP (ECF No. 6). Fed. R. Civ. P. 12(b)(6). Plaintiff *pro se* Humphrey Oloo's Complaint alleges discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 against Bloomberg—his former employer. After consideration of the parties' written submissions, and without holding oral argument (Local Civil Rule 78.1), the motion is granted due to Plaintiff's failure to timely file the complaint.

**I.**

Plaintiff alleges that beginning on December 21, 2005, he suffered serious and severe retaliation by Defendant for being a "whistleblower." Plaintiff asserts that he was unlawfully fired on August 7, 2010 while on medical leave because he informed the Defendant that he was

scheduled for a third surgery for a cancer tumor on his foot. Plaintiff also claims that he could not take a day off on Thanksgiving due to the fact that he does not have family in the United States, and because the holiday did not mean as much to him as it did other employees. Plaintiff further alleges that he was never included in Bloomberg's mandatory training sessions that other employees attended which, in turn, denied him of any chance of advancement, bonuses, or raises. Plaintiff claims that he received bad work reviews, even if the information on the review was incorrect, in an attempt to make him look like a bad employee.

Plaintiff alleges that shift leaders and other employees used derogatory and demeaning terms when referring to him, and that even after numerous meetings with the Human Resources department at Bloomberg ("HR"), no remedial action was undertaken. Plaintiff also alleges that Defendant made the work environment unsafe and hostile for him, including by requiring him to produce a note from anyone who helped him fix his flat tire.

Plaintiff claims that as a result of the aforementioned issues, he suffered from severe work related stress and depression, and doctors advised him that his work environment was unhealthy and recommended that he change it. The Plaintiff claims that he met with HR representatives on several occasions to request that he be moved to any other position or location, and he would consider a demotion rather than to stay in his present position. These requests were denied. Based on these allegations, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On April 13, 2011, the EEOC issued a Notice of Dismissal and Right to Sue Letter.

In response to Plaintiff's allegations, Bloomberg asserts that Plaintiff fails to allege facts sufficient to establish that his claims are plausible; and all claims are time-barred because

Plaintiff failed to file his complaint against Bloomberg within 90 days of receiving his Right to Sue Letter from the EEOC. Although Bloomberg argues that Plaintiff's Complaint does not meet the requirements of Fed. R. Civ. P. 8(a), the Court focuses its attention on the failure to file a complaint within 90 days after a Right to Sue Letter issued. The Right to Sue Letter from the EEOC is dated April 13, 2011 and Plaintiff did not file his complaint until August 6, 2012. Plaintiff states that the Right to Sue Letter "was sent to [his] old address but they informed [him] that [he] still ha[d] between 2 to 3 years to file" a complaint. (ECF No. 8). Plaintiff further contends that as a result of his unemployment and the discontinuance of his health insurance, he "moved around a lot" and "received very few of [his] mails by chance and by then they were months old." (ECF No. 10). He claims that "[a]ll of the EEOC letters were in one bunch and it was obvious that [he] had missed most of the deadlines as soon as [he] opened them." *Id.*

## II.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001). While

3

a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997).

Pro se complaints are "liberally construed" and "held to a less stringent standards than formal pleadings drafted by lawyers.[]" *See Erickson v. Pardus*, 551 U.S. 89 (2007). A pro se complaint may be dismissed for failure to state a claim only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Telfair v. Tandy*, Civ. No. 08-731, 2008 WL 4661697 (D.N.J. Oct. 20, 2008).

### III.

A complaint alleging discrimination under Title VII and the ADA must be filed "within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." *U.S.C. § 2000e-5(f)(1)*; *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 & n.4 (3d Cir. 2003). The 90-day period generally begins to run on the date when the plaintiff receives a Right to Sue Letter from the EEOC. *Ebbert*, 319 F.3d at 115, n.14. Courts have "strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d. Cir. 2001) (*quoting Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d. 172, 176 (3d. Cir. 1999)).

In this case, the EEOC sent a Right to Sue Letter to Plaintiff on April 13, 2011. Plaintiff filed the Complaint on August 6, 2012—well outside the 90-day limitations period. The address to which the EEOC mailed the Right to Sue Letter— [ *** address redacted, Perth Amboy, NJ

4

08861—is the same address that Plaintiff listed in his Charge of Discrimination. Plaintiff filed the Charge of Discrimination on January 25, 2011, which is less than three months prior to the date that the EEOC issued the Right to Sue Letter. While Plaintiff claims that the Right to Sue Letter "was sent to [his] old address," he had an obligation to inform the EEOC of any change in his address. *See* 29 C.F.R. § 1601.7. Pursuant to the EEOC Regulations, "[t]he person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7. Plaintiff does not allege that he notified the EEOC of his change of address. Rather, he admits that by the time he received his mail it was "months old." Plaintiff further acknowledges that the correspondence from the EEOC was in "one bunch" and as soon as he opened the letters "it was obvious that [he] had missed most of the deadlines."[1]

Although the Third Circuit has not addressed the precise issue here, a number of other Circuit Courts have held that absent equitable considerations, delivery to a plaintiff's address of record is sufficient to trigger the commencement of the 90-day period, even though the plaintiff does not receive actual notice until some time later. *See Lomans v. Monmouth Chemical Dependency Treatment Center, Inc.*, 1992 U.S. Dist. LEXIS 15450, *6-7 (D.N.J. Oct. 5, 1992) (*citing Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653-54 (4th Cir. 1987); *Espinoza v. Missouri Pacific Railroad Co.*,

---

[1] While Plaintiff contends that he was informed, presumably by the EEOC, that he still had 2 to 3 years to file a complaint, the Right to Sue Letter clearly states that any lawsuit based on his Charge of Discrimination filed pursuant to Title VII or the ADA "**must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." (ECF No. 8) (emphasis in original).

754 F.2d 1247, 1248-50 (5th Cir. 1985); *Law v. Hercules, Inc.*, 713 F.2d 691, 692-93 (11th Cir. 1983); *Hill v. John Chesik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir. 1984); *Peete v. American Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989)).

Moreover, while not directly on point, the Third Circuit has held that an attorney's belated receipt of the Right to Sue letter did not justify equitably tolling the 90-day limitations period. *Ford v. Temple Hosp.*, 790 F.2d 342, 350 (3d Cir. 1986). In holding so, the Third Circuit relied on *Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247 (5th Cir. 1985). In *Espinoza*, the Fifth Circuit held that the fact that the plaintiff was out of town when the Right to Sue Letter arrived at his home did not toll the 90-day limitations period, and as a result, his complaint was untimely since it was filed 92 days after delivery of letter. *Id.* at 1250-51.

District Courts in this Circuit have also held that delivery to a plaintiff's address of record is sufficient to trigger the commencement of the 90-day limitations period, even though the plaintiff does not receive actual notice until some time later. *See Carl v. Western-Southern Life Ins. Co.*, 2010 U.S. Dist. LEXIS 105891 (E.D. Pa. September 30, 2010); *Lomans*, 1992 U.S. Dist. LEXIS 15450, *6-7.

While Plaintiff does not indicate when delivery of the Right to Sue Letter to the above-listed Perth Amboy, NJ address was accomplished, in the absence of evidence to the contrary, "courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *see also Carl v. Western-Southern Life Ins. Co.*, 2010 U.S. Dist. LEXIS 105891, * 11-12.

Accordingly, the Court concludes that the 90-day limitations period for Plaintiff to file a complaint began to run on April 16, 2011—three days after the date on the Right to Sue Letter. As such, Plaintiff had until July 15, 2011 to file his Complaint. Plaintiff filed his Complaint on August 6, 2012—more than one year past the 90-day limitations period. Since the Complaint was filed well outside the 90-day limitations period, the Court holds that Plaintiff's Complaint is untimely. Accordingly, Plaintiff's Title VII and ADA claims are time-barred.

## IV.

Having concluded that Plaintiff's Complaint was untimely, the Court must now determine whether equitable considerations warrant tolling of the statute of limitations. The 90-day time limit is akin to a statute of limitations rather than a jurisdictional bar. As such, the time limit is subject to tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger*, 165 F.3d at 240 (internal citations omitted).

The Third Circuit has noted that equitable tolling is appropriate: "when the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d at 240 (internal citations and quotations omitted). However, the doctrine of equitable tolling is to be applied sparingly. *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). The plaintiff bears the burden of proving that equitable tolling applies. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005) (internal

citation omitted).

Here, Plaintiff had a duty to notify the EEOC of his change of address, he failed to do so. As such, the Court concludes that the delay in his filing of the Complaint was caused by his own failure to notify the EEOC of his change of address, and not by any extraordinary circumstances or equitable considerations otherwise.  *See Ford*, 790 F.2d at 350; *Carl*, 2010 U.S. Dist. LEXIS 105891, * 11-12; *Lomans*, 1992 U.S. Dist. LEXIS 15450, *6-7; *see also Espinoza*, 754 F.2d at 1250-51; *St. Louis*, 744 F.2d at 1317.   Accordingly, the doctrine of equitable tolling is inapplicable in this case.

## ORDER

For the reasons stated above,

IT IS on this 26th day of February, 2013;

ORDERED that defendant's motion to dismiss the Complaint (ECF No. 6) is granted.


*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.